UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DUANE CURTIS GOMEZ, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 22-10369-FDS |
| SHERIFF JOSEPH D. MCDONALD, JR., et al., | ) ) ) ) | |
| Respondents. | ) ) | |

**ORDER**

**SAYLOR, C.J.**

On March 7, 2022, *pro se* petitioner Duane Curtis Gomez filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 concerning the calculation of his federal prison sentence. The petition has not been served pending resolution of the filing fee. For the reasons set forth below, the Court will order that this action be dismissed without prejudice for lack of jurisdiction.

**I.  Background**

At the time Gomez commenced this action, he was confined at the Plymouth County Correctional Facility ("PCCF"). The Court had revoked his supervised release approximately one month earlier. *See United States v. Gomez*, Dkt. No. 247, Crim. No. 14-10297-IT (D. Mass. Feb. 10, 2002). On March 29, 2022, the Court issued an order in this action requiring Gomez to pay the filing fee or file a motion for leave to proceed *in forma pauperis* within 21 days. That order was mailed to Gomez at PCCF. He has not responded to the order.

On May 5, 2022, Gomez filed a Supplemental Memorandum in which he states he is providing information he recently obtained from the Federal Bureau of Prisons. The return address on the envelope used to mail this memorandum was for FCI Ray Brook in Ray Brook, New York.[1] FCI Ray Brook is within the Northern District of New York.

## II. Discussion

In a habeas action challenging present physical custody, the geographic location of the petitioner's confinement and, by extension, the immediate custodian, dictate whether a court has jurisdiction over the matter. "District courts are limited to granting habeas relief 'within their respective jurisdictions.'" *Id.* at 442. (quoting 28 U.S.C. § 2241(a)). The Supreme Court has interpreted this language "to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.'" *Id.* (quoting *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U. 484, 495 (1973)). For purposes of habeas jurisdiction, the custodian is "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435. Thus, unless a statute explicitly states otherwise, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 443.

When he filed this petition, Gomez properly named his immediate custodians—Massachusetts officials—as respondents. Because Gomez's immediate custodians at that time are within the District of Massachusetts, the Court would have had jurisdiction over them if the Court had ordered Gomez's release.

---

[1] The "Find an Inmate" page of the BOP's website, https://www.bop.gov/inmateloc, indicates that Gomez is at FCI Ray Brook.

Gomez's transfer to a federal facility in New York brings the Court's jurisdiction over this matter in question. Under some circumstances, the transfer of a petitioner to a different judicial district does not alter the Court's ability to provide habeas relief: "[W]hen the Government moves a habeas petitioner after [he] properly files a petition naming [his] immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release." *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (referring to *Ex parte Endo*, 323 U.S. 283 (1944)). Here, however, Court has no reason to believe that Superintendent Moniz or Sheriff McDonald, both of whom are Massachusetts state authorities, would have legal authority to effect Gomez's from release from a federal prison in New York.

### III. Conclusion

Accordingly, the Court orders that this action be DISMISSED without prejudice for lack of jurisdiction.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court

Dated:  June 3, 2022